**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-708 C
Filed: November 4, 2015
NOT TO BE PUBLISHED

**FILED**
NOV - 4 2015
U.S. COURT OF
FEDERAL CLAIMS

*******************************************
ERIC L. NATHAN,

    Plaintiff, *pro se*,

v.

THE UNITED STATES,

    Defendant.
*******************************************

**Eric L. Nathan**, Lancaster, California, *pro se*.

**James Robert Sweet**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

### MEMORANDUM OPINION AND FINAL ORDER

BRADEN, *Judge*.

I.    RELEVANT FACTUAL BACKGROUND.[1]

    On October 10, 1995, Eric L. Nathan was convicted in the Superior Court of California for the County of Los Angeles of one count of attempted first degree residential burglary in violation of California Penal Code §§ 459, 664. Compl., Ex. K, at A-14, A-17. On July 31, 1997, the California Court of Appeals affirmed the conviction for attempted burglary, pursuant to Mr. Nathan's appeal. Compl. at 1, 4. Mr. Nathan alleges that the California Court of Appeals improperly affirmed a conviction for *burglary*, a crime for which he was not charged, instead of

---

[1] The relevant facts were derived from Plaintiff's July 7, 2015 Complaint and exhibits attached thereto ("Compl. Exs. A, D, J, K").

*attempted* burglary, the crime for which he was charged and convicted.[2] Compl. at 4–5 (emphasis added).

## II. PROCEDURAL HISTORY.

On July 7, 2015, Eric L. Nathan ("Plaintiff") filed a Complaint ("Compl.") in the United States Court of Federal Claims, seeking $1,800,000 for "unjust conviction & imprisonment" and violation of his constitutional right to Due Process under the Fourteenth Amendment. That same day, Plaintiff also filed a Motion For Leave To Proceed *In Forma Pauperis*.

On September 2, 2015, Plaintiff's July 7, 2015 Motion For Leave To Proceed *In Forma Pauperis* was granted.

On September 8, 2015, the Government filed a Motion To Dismiss ("Gov't Mot."), pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC").

On September 25, 2015, Plaintiff filed a Motion For Default Judgment ("Pl. Mot."), pursuant to Rule 55(a) of the Federal Rules of Civil Procedure ("FRCP").[3] That same day, Plaintiff also filed a Response to the Government's Motion To Dismiss ("Pl. Resp.").

## III. DISCUSSION.

### A. Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in

---

[2] Although Plaintiff correctly points out that in *People v. Nathan*, No. B102092 at 14 (Cal. Ct. App. Jul. 31, 1997), the California Court of Appeals incorrectly referred to his crime as burglary, instead of attempted burglary, it is clear from other references to attempted burglary in the opinion that the court affirmed his charge of attempted burglary and did not improperly affirm a charge for which Plaintiff was not convicted. *Id.* at 4, 5.

[3] On September 25, 2015, Plaintiff filed a Motion For Default Judgment pursuant to FRCP 55, citing to the Government's failure to answer or respond to Plaintiff's Complaint within the 60 day period. Pl. Mot. at 1. The Plaintiff, however, miscalculated the last day in the period by failing to account for it landing on a weekend, followed by a Monday that was a federal holiday. *See* RCFC 6(1) ("When the period is stated in days or a longer unit of time: (A) excluding the day of the event that triggers the period; (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday."). Moreover, in Plaintiff's September 25, 2015 Response, he concedes that the Government's September 18, 2015 Motion To Dismiss was timely filed. Pl. Resp. at 1. Thus, Plaintiff's September 25, 2015 Motion For Default Judgment is denied as moot.

cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

To pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act[.]"); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*) ("The Tucker Act . . . does not create a substantive cause of action; . . . a plaintiff must identify a separate source of substantive law that creates the right to money damages. . . . [T]hat source must be 'money-mandating.'"). Specifically, a plaintiff must demonstrate that the source of substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal Government[.]" *Testan*, 424 U.S. at 400. And, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

### B. Standard Of Review For *Pro Se* Litigants.

*Pro se* plaintiffs' pleadings are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). This court traditionally examines the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 188 Cl. Ct. 456, 468 (1969). Nevertheless, while the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

### C. Standards For Motion To Dismiss.

#### 1. Under RCFC 12(b)(1).

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . is properly raised by a [Rule] 12(b)(1) motion[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . . But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction[.]"). When considering whether to dismiss an action for lack of subject matter jurisdiction, "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

3

### 2. Under RCFC 12(b)(6).

A challenge to the United States Court of Federal Claims' "[ability] to exercise its general power with regard to the facts peculiar to the specific claim . . . is raised by a [Rule] 12(b)(6) motion[.]" *Palmer*, 168 F.3d at 1313; *see also* RCFC 12(b)(6) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . . But a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted[.]").

When considering whether to dismiss an action for failure to state a claim, the court must assess whether "a claim has been stated adequately" and then whether "it may be supported by [a] showing [of] any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The plaintiff's factual allegations must be substantial enough to raise the right to relief "above the speculative level." *Id.* at 555. The court must accept all factual allegations in the complaint as true and make all reasonable inferences in favor of the plaintiff. *Id.*

## D. The Government's September 25, 2015 Motion To Dismiss.

### 1. The Government's Argument.

The Government argues that Plaintiff's July 7, 2015 Complaint should be dismissed, because the court does not have subject-matter jurisdiction over Plaintiff's claims. Gov't Mot. at 3–6. Pursuant to 28 U.S.C. § 1495, the Complaint fails to state a "claim for damages by any person unjustly convicted of an offense against the United States and imprisoned," because Plaintiff was convicted of a state crime as opposed to a federal crime. Gov't Mot. at 3. Moreover, Plaintiff does not allege that his conviction has been reversed or put aside but instead concedes that the California Court of Appeals affirmed his conviction and he remains in prison. Gov't Mot. at 5.

The Government also argues that this court does not have jurisdiction to entertain the Plaintiff's constitutional challenges to his criminal conviction, because "[t]his Court lacks jurisdiction to review the decisions or actions of another Court." Gov't Mot. at 5.

### 2. Plaintiff's Response.

Plaintiff's Response to the Government's September 8, 2015 Motion To Dismiss recycles arguments from the July 7, 2015 Complaint. Plaintiff continues to insist that this court has jurisdiction under to 28 U.S.C. §§ 1495, 2513(a), because "he was unjustly punished & imprisoned." Pl. Resp. at 1.

### 3. The Court's Resolution.

The court is cognizant of its obligation to liberally construe *pro se* plaintiffs' pleadings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that the "pro se document is to be liberally construed"). But, *pro se* plaintiffs must still "comply with the applicable rules of procedural and substantive law." *Walsh v. United States*, 3 Cl. Ct. 539, 541 (1983). The court cannot simply excuse a complaint's failures. *See Henke*, 60 F.3d at 799.

The July 7, 2015 Complaint fails to demonstrate how Plaintiff's unjust conviction and imprisonment claim implicates the United States. Under the Tucker Act, the United States Court of Federal Claims has jurisdiction to adjudicate "any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. The July 7, 2015 Complaint, however, does not concern the limited circumstances of 28 U.S.C. § 1495, because Plaintiff was not unjustly convicted of an offense against the United States, rather he was convicted of a state crime in a state court. Thus, this court does not have jurisdiction to adjudicate this claim. *See, e.g., Machulas v. United States*, 15-5042, 2015 WL 4174006, at *2 (Fed. Cir. July 13, 2015) (holding that the United States Court of Federal Claims did not have jurisdiction over a plaintiff's claim for unjust conviction and imprisonment, because the plaintiff was convicted of a state crime in Georgia Superior Court and not a federal crime in a federal court); *see also Robinson v. United States*, No. 99-5120, 2000 WL 158487, at *1 (Fed. Cir. Feb. 11, 2000) (affirming the United States Court of Federal Claims' dismissal for lack of jurisdiction where a plaintiff alleged illegal and unconstitutional deprivation of personal liberty relating to a criminal conviction in an Indiana state court, because the plaintiff was not unjustly convicted of a crime against the United States).

Moreover, the Complaint fails to allege that the conviction and incarceration were unjust. Although the United States Court of Federal Claims has jurisdiction to award compensation to those who are unjustly convicted and imprisoned, *see* 28 U.S.C. § 1495, section 2513(a) imposes several additional limitations that any party suing under section 1495 must allege and prove:

> His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
>
> He did not commit any of the acts charged or his acts, deeds, or omissions with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

28 U.S.C. § 2513(a).

Therefore, "the court's jurisdiction to entertain a claim for money damages for unjust conviction arises only after the challenged conviction has been reversed, on grounds of innocence, by a court of competent jurisdiction or by Presidential pardon." *Lott v. United States*, 11 Cl. Ct. 852, 853 (1987); *see also Chevalier v. United States*, 329 Fed. App'x 924, 926 (Fed. Cir. 2009) (holding that the United States Court of Federal Claims correctly found that it did not have jurisdiction over claims of unjust conviction arising under 28 U.S.C. § 1495 where the plaintiff had not complied with 28 U.S.C. § 2513(a), and admitted that his conviction had not been reversed).

The July 7, 2015 Complaint does not assert a finding of innocence, pardon, or certificate of innocence to establish unjust conviction and imprisonment under 28 U.S.C. § 2513. *See Vicin v. United States*, 468 F.2d 930, 933 (Ct. Cl. 1972) (holding that the plaintiff could not prevail on a

claim for unjust conviction without "the recitals specified by the statute (innocence as certified by the pardon or certificate of the appropriate court, etc.)").

Finally, this court does not have jurisdiction to adjudicate Plaintiff's Fourteenth Amendment Due Process claim, because money damages are not available for alleged violations of the Fourteenth Amendment. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (explaining that the Due Process and Equal Protection clauses of the Fifth and Fourteenth Amendments are not a sufficient basis for jurisdiction, because they are not money-mandating).

Because this court does not have jurisdiction to adjudicate Plaintiff's claims, it need not address the statute of limitations issue raised in the Government's September 8, 2015 Motion To Dismiss.

### IV. CONCLUSION.

For these reasons, the Government's September 25, 2015 Motion To Dismiss is granted. *See* RCFC 12(b)(1), 12(b)(6). Plaintiff's September 25, 2015 Motion For Default Judgment is denied as moot. The Clerk is directed to dismiss Plaintiff's July 7, 2015 Complaint.

**IT IS SO ORDERED.**

_____
**SUSAN G. BRADEN**
**Judge**